# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDGAR OGANESYAN and MATTHEW ELY, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> RETAILMENOT, INC., <br><br> Defendant. | Case No. 1:25-cv-00783-JLR <br><br> Complaint filed January 28, 2025 |
| TESSA RHODES, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> RETAILMENOT, INC., <br><br> Defendant. | Case No. 1:25-cv-01420-JLR <br><br> Complaint filed February 19, 2025 |
| JUST JOSH, INC., *and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> RETAILMENOT, INC. and ZIFF DAVIS INC., <br><br> Defendants. | Case No. 1:25-cv-01422-JLR <br><br> Complaint filed February 19, 2025 |
| SHONNA COLEMAN, *on behalf of herself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> RETAILMENOT, INC. and ZIFF DAVIS INC., <br><br> Defendants. | Case No. 1:25-cv-01537-JLR <br><br> Complaint filed February 24, 2025 |

## [PROPOSED] ORDER APPOINTING INTERIM CO-LEAD COUNSEL

WHEREAS, on January 28, 2025, Plaintiffs Edgar Oganesyan and Matthew Ely filed a class action complaint against Defendant RetailMeNot, Inc. ("RetailMeNot"), individually and on behalf of all others similarly situated (Case No. 1:25-cv-00783-JLR), for wrongfully and surreptitiously stealing their rightfully earned affiliate marketing commissions through RetailMeNot's use of its browser extension;

WHEREAS, on February 19, 2025, Plaintiff Tessa Rhodes filed a similar class action complaint against Defendant RetailMeNot (Case No. 1:25-cv-01420-JLR);

WHEREAS, on February 19, 2025, Plaintiff Just Josh, Inc. filed a similar class action against Defendants RetailMeNot and Ziff Davis, Inc. (Case No. 1:25-cv-01422-JLR);

WHEREAS, on February 24, 2025, Plaintiff Shonna Coleman filed a similar class action against Defendants RetailMeNot and Ziff Davis, Inc. (Case No. 1:25-cv-01537-JLR);

WHEREAS, additional class actions challenging the same actions of Defendants may be filed in, removed to, or transferred to this Court; and

WHEREAS, Plaintiffs Oganesyan, Ely, Rhodes, and Just Josh, Inc. have moved for appointment of Interim Co-Lead Counsel pursuant to Federal Rule of Civil Procedure 23(g) and this Court's February 24, 2025 Order (ECF No. 20), which motion Plaintiff Coleman does not oppose;  For the reasons set forth on the record at a hearing on March 13, 2025;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints Julian Hammond of HammondLaw, P.C., Thomas E. Loeser of Cotchett, Pitre & McCarthy LLP, and Ashley M. Crooks of Hausfeld LLP as Interim Co-Lead Counsel, and Ms. Crooks as Liaison Counsel, for Plaintiffs and the putative class, with the responsibilities set forth below:

   a. Convene meetings amongst counsel;

b. Coordinate the initiation, response, scheduling, briefing and argument of all motions;

c. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs on all matters arising during pretrial proceedings;

d. Coordinate and determine the scope, order and conduct of all discovery proceedings, including retention of experts, on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

e. Delegate such work assignments to other Plaintiffs' counsel as Interim Co-Lead Counsel may deem appropriate to ensure pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

f. Serve as the primary contact for communications between the Court and other Plaintiffs' counsel, including designation of which attorneys may appear at hearings and conferences with the Court;

g. Ensure all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

h. Coordinate communications with Plaintiffs' counsel in any related actions and counsel for Defendants to promote the efficient advancement of the litigation;

i. Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

j. Negotiate and enter into stipulations with counsel for Defendants as necessary for the conduct and efficient advancement of the litigation;

k. Allocate attorneys' fees and financial expenditures; and

      l. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or as authorized by further order of this Court;

2. Only Interim Co-Lead Counsel may initiate or authorize the filing of any motions on behalf of Plaintiffs and the putative class.

3. Interim Co-Lead Counsel shall have sole authority to communicate with counsel for Defendants—including with respect to settlement and settlement negotiations—and the Court on behalf of any Plaintiff, unless that authority is expressly delegated to other counsel. Counsel for Defendants may rely on all agreements made only with Interim Co-Lead Counsel and such agreements shall be binding on all counsel for Plaintiffs.

**IT IS SO ORDERED.**

Dated:   March 13, 2025
       New York, New York

                                                   _Jennifer Rochon_____
                                                    The Honorable Jennifer L. Rochon
                                                    United States District Judge

Interim Co-Lead Counsel are directed to submit their proposed protocol on timekeeping to the Court by **March 27, 2025.**

The Clerk of Court is respectfully requested to terminate the motions at:
25-cv-00783: Dkt. 19 and 21;
25-cv-01420: Dkt. 14;
25-cv-01422: Dkt. 11.