**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *IN RE RETAILMENOT BROWSER EXTENSION LITIGATION* | Lead Case No. 1:25-cv-00783-JLR<br><br>Hon. Jennifer L. Rochon<br><br>**[PROPOSED]** **ORDER ENTERING PLAINTIFFS' TIMEKEEPING PROTOCOL** |

The Court entered an Order appointing Interim Co-Lead Counsel in the above-captioned consolidated litigation on March 13, 2025. Dkt. 24. The Court directed appointed Interim Co-Lead Counsel to submit a proposed protocol on timekeeping by March 27, 2025. *Id.* The Court now approves the Timekeeping Protocol, attached as **Exhibit A** to this Order, which is to be followed by all counsel for Plaintiffs. The Court may adjust the ongoing protocol, if necessary, after receiving quarterly submissions.

IT IS SO ORDERED.

Dated: March 28, 2025
　　　　New York, New York

_____
HONORABLE JENNIFER L. ROCHON
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *IN RE RETAILMENOT BROWSER EXTENSION LITIGATION* | Lead Case No. 1:25-cv-00783-JLR<br><br>Hon. Jennifer L. Rochon |

## PLAINTIFFS' TIMEKEEPING PROTOCOL

Interim Co-Lead Counsel[1] in the above-captioned consolidated litigation hereby adopt the following protocol ("Protocol") governing the management of Plaintiffs' counsel's time and expenses.

## STANDARDS FOR TIME AND EXPENSE RECORDS

### I.    General Standards

1.    Time and expense reports generated pursuant to this Protocol will be considered as the submitting counsel's sworn representation that the time and expenses submitted meet the criteria set forth below.

2.    Only reasonable time and expenses which advance the litigation on behalf of Plaintiffs and the putative class will be considered as potentially compensable.

3.    Only time and expenses expressly authorized in advance by Interim Co-Lead Counsel will be considered as potentially compensable.

4.    Only time and expenses submitted to Interim Co-Lead Counsel in compliance with this Protocol will be considered as potentially compensable.

---

[1] Julian Hammond of HammondLaw, P.C., Thomas E. Loeser of Cotchett, Pitre & McCarthy LLP, and Ashley M. Crooks of Hausfeld LLP.

## II.    Time Reporting

5.    All time shall be maintained in tenth-of-an hour increments. Time entries not maintained in tenth-of-an-hour increments may be disallowed.

6.    All attorneys and staff working on this case will keep contemporaneous records of their time spent in connection with work on this litigation, indicating the amount of time spent, the particular activity, and their position in the firm (Partner, Of Counsel, Senior Counsel, Associate, Staff Attorney, Law Clerk, Paralegal, Legal Assistant). "Contemporaneous" means that an individual's time spent on a particular activity should be recorded no later than seven days after that activity occurred. Full descriptions of the work performed are required. Time entries that are not sufficiently detailed will not be considered for payment.

7.    Participating counsel will maintain their time records in an electronic database. Failure to maintain detailed time and expense records or to provide a sufficient description of the activities performed will be considered as non-compliance with this Protocol. Vague task descriptions, such as "performed legal research" or "reviewed documents" are not sufficient.

8.    Time records must report the billing rates for each individual listed. Current hourly rates are to be used in calculating time.

9.    Only time spent on matters that advance the litigation will be considered in determining fees. Interim Co-Lead Counsel will be responsible for reviewing time and expense records for compliance with this Protocol. Interim Co-Lead Counsel will each designate one attorney to periodically review and approve timekeeping and bills not submitted by their own firm and strike any duplicative or unreasonable fees and costs. Such review time shall not be compensable work.

10.    Potentially compensable work performed on behalf of Plaintiffs and the putative class may include, but is not limited to:

- Communications with clients, including class members;

- Fact investigation and factual and legal research;

- Preparation of research memoranda, pleadings, and briefs;

- Conducting document discovery (e.g., reviewing, indexing, and coding documents);

- Preparation for and attendance at depositions;

- Preparation of and responding to discovery requests;

- Preparation for and attendance at hearings;

- Preparation for and attendance at meetings with defense counsel or with co-counsel;

- Work with experts;

- Settlement and settlement negotiations and related activities;

- Appellate work;

- Trial preparation and trial; and

- Performance of administrative matters specifically related to tasks undertaken for the benefit of Plaintiffs and the putative class.

11. Compensable work does not include:

- Excessive time spent on a particular task;

- Duplicative time;

- "Read and review" time (e.g., billing time for reading every document filed on the Court's docket regardless of whether it is related to the individual's responsibilities), unless specifically related to a billable task or Interim Co-Lead Counsels' responsibilities;

- Time reviewing or drafting emails that exceeds the actual time spent;

- Time for which descriptions are missing or incomplete; and

- Internal firm time for firm or file management.

## III.    Allocation of Fees

12.    If we are fortunate enough to be awarded a fee in this litigation, allocation of the fee among the participating firms will be determined by Interim Co-Lead Counsel after the fee has been awarded. In allocating any fee, Interim Co-Lead Counsel will be guided by the concept that each firm will be rewarded for the value it has contributed to the results obtained for our clients. While each firm's lodestar will be a substantial factor in determining value, it will not be the only factor. Significant weight will be given to factors such as how efficiently and effectively a firm has handled its responsibilities, the nature of the work that was done, creativity, collegiality, equity, and any other pertinent considerations.

## IV.    Expense Reporting

13.    All costs and expenses in this case will be advanced by Interim Co-Lead Counsel and, as authorized by them, other participating counsel. Interim Co-Lead Counsel will seek reimbursement of all such costs and expenses following any judgment or settlement. Interim Co-Lead Counsel may seek contributions to a litigation fund from other participating counsel.

## V.    Expenses

14.    To be eligible for potential reimbursement, expenses must meet the requirements of this section. Expenses must be:

- Expressly authorized by Interim Co-Lead Counsel;

- Timely submitted;

- Reasonable in amount; and

- Supported by adequate documentation.

15.    Potentially reimbursable expenses include:

- Costs related to obtaining, reviewing, indexing, and paying for hard copies of computerized images of documents;

- Legal research (e.g., LEXIS, Westlaw, or PACER charges);

- Deposition, court reporter, and transcript costs;

- Costs for the electronic storage, retrieval, and searches of ESI;

- Court, filing, and service costs;

- Group administration matters, such as meetings and conference calls;

- Reasonable travel expenses, including lodging and meals;

- Expert witness and consultant fees and related expenses;

- Investigator fees and related expenses;

- Printing, copying, coding, and scanning;

- Telephone, postage, and courier charges;

- Data and materials provided by outside third-party vendors, consultants, and attorneys;

- Witness expenses, including travel;

- Translation costs; and

- Bank or financial institution charges.

## VI.    Expense Limitations

16.    Only reasonable expenses will be eligible for potential reimbursement. Except in extraordinary circumstances approved by Interim Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

- **Airfare**: Only the price of a fully-refundable coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed. If Business Class/First Class Airfare is used, then an estimate of the difference between the Business Class/First Class Airfare and coach fare must be shown on the travel reimbursement form, and only the coach fare will be reimbursed.

- **Hotel**: Hotel room charges for the average available room rate of a business hotel, such as the Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed. Unless a special discounted rate is

negotiated, luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

- **Meals**: Meal expenses must be reasonable. Meal expense submissions must be supported by receipts or credit card statements that reflect the date and those partaking in the meal.

- **Cash Expenses**: Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, short taxi rides, etc.) will be reimbursed up to $50.00 per day, so long as the expenses are properly itemized.

- **Rental Automobiles**: Luxury automobile rentals will not be reimbursed. If luxury automobiles are selected when non-luxury vehicles are available, the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several people.

- **Mileage**: Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the claimant's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently $0.58 per mile).

- **Parking**: Parking will be limited to actual documented costs.

17.    Other non-travel expenses will be limited as follows:

- **Long Distance and Cellular Telephone Charges**: Long distance and cellular telephone charges must be documented.

- **Shipping, Courier, and Delivery Charges**: All such claimed expenses must be documented.

- **Postage Charges**: A contemporaneous postage log or other supporting documentation must be maintained. Postage charges are to be reported at actual cost.

- **Telefax Charges**: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

- **In-House Photocopy Charges**: ~~A contemporaneous photocopy log or other supporting documentation must be maintained. The maximum copy charge is $0.30 per page.~~
  In-House photocopy charges shall not be compensable. Supporting contemporaneous documentation shall be maintained for any outsourced copying charges. The maximum copy charge for outsourced copying is $0.30 per page.

## VII.    Verification of Expenses

18.    Attorneys and staff must keep receipts for all expenses. Credit card receipts or monthly credit card statements are an appropriate form of verification. Hotel and restaurant costs must be supported by a credit card statement, hotel invoice, or restaurant bill. The description of unclaimed expenses on the statement or invoice may be redacted. Receipts need not be submitted on a monthly basis, but shall be maintained by the attorneys and may be required later as a condition of reimbursement.

## <u>SUBMITTING AND EXCHANGING TIME AND EXPENSE REPORTS</u>

## VIII.    Timing of Submission and Exchange

19.    Interim Co-Lead Counsel will exchange time and expense reports on a monthly basis to HammondLaw, P.C. The first time and expense submission will be due May 15, 2025, and will include all time and expense entries from the inception of the litigation through April 30, 2025. Thereafter, Interim Co-Lead Counsel shall exchange time and expense reports on a monthly basis. Such reports must be submitted no later than the fifteen (15) days following the end of the month being reported. For example, April reports are due no later than May 15, 2025.

20.    Any time and expense records submitted in arrears may be disallowed and may not be submitted as part of any potential fee application.

21.    On a quarterly basis, Interim Co-Lead Counsel will submit summary time and expense reports to the Court, *in-camera*. Interim Co-Lead Counsel will make a single submission consisting of each firm's separate summary time and expense report.

22.    Interim Co-Lead Counsel's first quarterly submission to the Court, including all time from inception of the litigation through June 30, 2025, will be due to the Court on July 20, 2025. Thereafter, each submission to the Court will be due on the twentieth day of the month

following the end of the preceding three-month period reported. For example, the second submission will be due on October 20, 2025.

23.    Interim Co-Lead Counsel may be required to submit detailed time records in connection with any fee application.

**IX.    Content of Time and Expense Reports**

24.    Each monthly time and expense report submission to Interim Co-Lead Counsel must include a detailed spreadsheet, in the form attached as **Exhibit 1**.


DATED: March 27, 2025                    Respectfully submitted,

*/s/ Julian Hammond*
Julian Hammond (*pro hac vice*)
**HAMMONDLAW, PC**
1201 Pacific Avenue, 6th Floor
Tacoma, WA 98402
T: (310) 601-6766
E: jhammond@hammondlawpc.com

*/s/ Thomas E. Loeser*
Thomas E. Loeser (*pro hac vice*)
**COTCHETT PITRE & MCCARTHY LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
T: (206) 970-8181
E: tloeser@cpmlegal.com.com

*/s/ Ashley M. Crooks*
Ashley M. Crooks (N.Y. Bar No. 5800776)
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
T: (646) 357-1100
E: acrooks@hausfeld.com

***Interim Co-Lead Counsel***

# EXHIBIT 1

**In re RetailMeNot Browser Extension Litigation**
**Lead Case No. 1:25-cv-00783-JLR**
**Time Report - Monthly**
**Time Reporting Period:** _____

| Categories | (1) Pre-Complaint Investigation (2) Class Member Communications (3) Complaint Prep. (Including Amended Complaint(s)) (4) Court Hearings (5) Litigation Strategy and Analysis (6) MTD Briefing/Research (7) Class Cert Briefing/ Research (8) SJ Briefing/Research (9) Other Practices/Research (10) Discovery Requests/Responses/Meet & Confer (11) Factual Analysis/Document Review (12) Depositions and Related Preparation (13) Experts/Expert Discovery/Daubert (14) Mediation (15) Trial/Trial Preparation (16) Appeals (17) Settlement/Settlement Administration/Notice |
|---|---|

| Name | Title | Firm | Date | Category | Detailed Description of Work Performed | Hours | Rate | Total |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| TOTAL | | | | | | 0.00 | | $0.00 |

**In re RetailMeNot Browser Extension Litigation**
**Lead Case No. 1:25-cv-00783-JLR**
**Expense Report - Monthly**
**Reporting Period:** _____

**Categories:** (1) Court/Filing Fees (2) Professional Fees (e.g., experts, consultants, etc.) (3) Air Transportation (4) Ground Transportation (5) Meals (6) Lodging (7) Telephone/Facsimile (8) Postage/Express Delivery/Messenger (9) Commercial Copies (10) Court Reporter/Transcripts (11) Witness/Process Service Fees (12) Internal Reproduction/Copies (13) Computer Research (e.g., Westlaw) (14) Document Management (15) Miscellaneous

| Name | Title | Firm | Date | Category | Detailed Description of Expense | Cost |
|------|-------|------|------|----------|--------------------------------|------|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
| **TOTAL** |  |  |  |  |  | $0.00 |