UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *IN RE RETAILMENOT BROWSER EXTENSION LITIGATION*<br><br>This Document Relates To: *All Cases* | No. 1:25-cv-00783-JLR |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants RetailMeNot, Inc. and Ziff Davis, Inc. submit this Notice of Supplemental Authority issued by the United States District Court for the Northern District of California on November 21, 2025, *Wendover Prods., LLC v. PayPal, Inc.*, No. 5:24-cv-09470-BLF, ECF No. 475 (N.D. Cal. Jan. 14, 2025). A true and correct copy of the Court's order is attached as Exhibit 1.

In *PayPal*, plaintiffs (including four of the six named plaintiffs in this lawsuit against RetailMeNot and Ziff Davis) sued PayPal, asserting similar claims based on similar factual allegations alleged here. The Court dismissed all of those claims for lack of standing. The Court first concluded that the complaint failed to "establish that Plaintiffs were in fact entitled to … commissions pursuant to their contracts with the merchants" (Ex. 1 at 5)—just as Defendants argue here (ECF 44 at 10; ECF 56 at 1). The Court also rejected plaintiffs' statistical analysis (the same analysis Plaintiffs offer here (ECF 34 at 38–41)) (Ex. 1 at 6), and further concluded that without establishing that "plaintiffs were in fact entitled to those commissions," the alleged injury cannot be traced to defendant (*id.* at 5).

Although the *PayPal* Court dismissed plaintiffs' claims in their entirety for lack of standing, the Court also explained why their statutory and common law claims fail as a matter of law. Plaintiffs' computer fraud claims fail, because defendant "uses the very same

1

permissions it was granted to carry out the challenged conduct" and such use was therefore authorized (Ex. 1 at 8); unjust enrichment fails, because plaintiffs' "conclusory allegations that 'there is no adequate remedy at law'" were insufficient (*id.* at 9); business tort claims fail, because plaintiffs failed to allege that defendant actually received any commissions otherwise due to plaintiffs (*id.* at 10); and consumer protection and unfair competition claims fail, because absent any showing that defendant wrongfully misdirected commissions, the complaint only attacked "rigorous, but fair, competitive strategies" (*id.* at 11).

| | |
|---|---|
| Dated: New York, New York<br>November 24, 2025 | Respectfully submitted,<br>GOODWIN PROCTER LLP<br><br>By: */s/ Mark David McPherson*<br><br>Mark David McPherson<br>MMcPherson@goodwinlaw.com<br>The New York Times Building<br>620 Eighth Avenue<br>New York, New York 10018<br>Tel. +1 212 813 8800<br>Fax +1 212 355 3333<br><br>Rebecca L. Tarneja<br>RTarneja@goodwinlaw.com<br>601 South Figueroa Street, Suite 4100<br>Los Angeles, CA 90017<br>Tel. +1 213 426 2516<br><br>*Attorneys for Defendants*<br>*RetailMeNot, Inc. and Ziff Davis, Inc.* |